```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10387-RGS |
| | ) | |
| WILLIE DANCY | ) | |

**GOVERNMENT'S MOTION REQUESTING THAT THIS COURT
DENY DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS WELL
AS DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING**

For the reasons set out below, the United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney, and Antoinette E.M. Leoney, Assistant U.S. Attorney, moves this Court to deny Defendant Willie Dancy's Motion to Suppress Evidence as well as Defendant's request for an evidentiary hearing.

As grounds therefor, the government states the following:

1. On July 15, 2005, an Initial Pretrial Conference was held before Richard G. Stearns, J. At that time, counsel for defendant filed in open Court a Motion to Suppress [consisting of one page, accompanied by his personal affidavit] without a supporting memorandum. [*See* Docket Entry # 17]. The Court granted defense counsel an additional ten (10) days [until July 25, 2005] within which to file a memorandum in support of the motion to suppress. The Court allowed the government fourteen (14) days after that [August 8, 2005] to file its opposition. The Court also scheduled an evidentiary hearing for August 16, 2005.

2.  By his motion, the defendant merely states (1) that he was seized without probable cause; (2) as such, the stop was unlawful under the Fourth Amendment; (3) any statements made by the defendant were the fruits of the illegal seizure must also be suppressed under the Fourth Amendment and <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

3.  As of this date, defense counsel has not filed the required memorandum in support of the motion to suppress.  As such, and based on the pleadings presently before the Court, the government is unable to file its opposition to said.

4.  On a motion to suppress, the defendant has the burden to show a violation of his Fourth Amendment rights.  <u>United States v. Vaughan</u>, 875 F.Supp. 36, 41-42 (D.Mass. 1996), *citing* <u>United States v. Dell</u>, 608 F.2d 910, 914 (1st Cir. 1979, *cert. denied*, 445 U.S. 918 (1980).  Here, the defendant has failed to meet that burden.  Indeed, his motion to suppress fails to allege facts sufficiently definite, specific, detailed, and non-conjectural, to enable this Court to conclude that a substantial claim is presented.  <u>United States v. Lewis</u>, 40 F.3d 1325, 1331 (1st Cir. 1994)(quoting <u>Cohen v. United States</u>, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217 (1967); *see also* <u>United States v. Joel Villegas</u>, 388 F.3d 317, 324 (7th Cir.), *rehearing en banc denied* (2004)(evidentiary hearings are warranted on motions to suppress only when the allegations and moving papers are sufficiently definite, specific,

non-conjectural and detailed to allow conclusion that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion). The defendant must allege facts that, if proven, would entitle him to relief.  United States v. Lewis, 40 F.3d at 1331, *citing* United States v. Migely, 596 F.2d 511, 513 (1st Cir.), *cert. denied*, 442 U.S. 943, 99 S.Ct. 2887 (1979).

    5.  Finally, Rule 7.1(B)(1) of the Local Rules of the United States District Court for the District of Massachusetts requires that all motions be supported by a memorandum.  "[A] party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."  *See* Local Rule 7.1(B)(1).

    WHEREFORE, the government respectfully requests that this Court deny Defendant Willie Dancy's Motion to Suppress Evidence. And, further requests that the Court cancel the evidentiary hearing now scheduled for August 16, 2005, or in the alternative, continue the hearing until such time that the Defendant has filed a supporting memorandum as required by this Court's Order, Local Rule 7.1(B)(1) and the relevant case law.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN
                               United States Attorney
                By:

```
                                        /s/Antoinette E.M. Leoney
                                       ANTOINETTE E.M. LEONEY
                                       Assistant U.S. Attorney
Dated: August 5, 2005                  (617) 748-3103
```

CERTIFICATE OF SERVICE

Suffolk, ss.                          Boston, Massachusetts
                                      August 5, 2005

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, certify that I caused a copy of the foregoing to be served by electronic notice to Stephen Hrones, Esq., and Jessica Hedges, Esq., Hrones, Garrity & Hedges LLP, Lewis Wharf - Bay 232, Boston, MA 02109.

```
                                        /s/Antoinette E.M. Leoney
                                       ANTOINETTE E.M. LEONEY
```