```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )    Criminal No. 04-10387-RGS
                              )
                              )
WILLIE DANCY,                 )
                              )
          Defendant.          )
```

### GOVERNMENT'S MOTION IN LIMINE CONCERNING SEQUESTRATION OF TRIAL WITNESSES

The United States of America, by Assistant U.S. Attorney Antoinette E.M. Leoney, hereby moves in limine that the Court sequester all witnesses at trial except for Special Agent Sheila M. O'Hara of the United States Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). This witness is the case agent for this case.

Rule 615(2) of the Federal Rules of Evidence provides an exception to sequestration for "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The Advisory Committee's Notes make clear that this exception follows prior case law "allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness."

Interpreting Rule 615(2), the First Circuit was held that the provision has "severely curtailed the discretion of the trial court to sequester the government's case agent" and that it is not an abuse of discretion to allow the case agent to remain even though he or she will testify. United States v. Machor, 879 F.2d

945, 953 (1st Cir. 1989), cert. denied, 493 U.S. 1094 (1990). In so holding, the Court quoted from the Senate Report relating to the rule as follows:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in -- he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

Machor, 879 F.2d at 953. See also United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991) (no abuse of discretion for district court not to sequester government's case agent as well as another agent who have expert tax testimony based upon the testimony and documents in evidence).

Since the factors described above are present in this case, the government respectfully requests that the Court sequester all witnesses except for Special Agent Sheila O'Hara.

Respectfully submitted,

MICHAEL J. SULLIVAN  
United States Attorney

By:  
/s/Antoinette E.M. Leoney  
ANTOINETTE E.M. LEONEY  
Assistant U.S. Attorney

Date:   January 7, 2008

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                       Boston, Massachusetts
                                                   January 7, 2008

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have served by hand a copy of the foregoing Motion in Limine Concerning Sequestration of Witnesses to Oscar Cruz, Jr., Esq., Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210.

                                                 /s/Antoinette E.M. Leoney
                                                 ANTOINETTE E.M. LEONEY
                                                 Assistant U.S. Attorney