UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10387-RGS |
| ) | |
| WILLIE DANCY ) | |
| ) | |

DEFENDANT'S REQUESTED
VOIR DIRE OF PROSPECTIVE JURORS

Defendant, Willie Dancy, respectfully moves, pursuant to Fed. R. Crim. P. 24(a), that in an effort to obtain a fair and impartial jury, this Court utilize the juror questionnaire (only two questions) that addresses racial bias or prejudice. Exhibit A. In support of this request, see affidavit of counsel. Exhibit B.

The defendant further moves that this Court ask the following general questions of the venire then follow up with individual questioning of the venire where warranted based on juror's answers to the questionnaire and to this Court's general questions.

1. The government claims that on December 8, 2004 in Brockton Mr. Dancy was in possession of a handgun. Do you have any reaction to the allegations that might make it difficult for you to be fair or impartial in this case?

2. Do you think the fact that this case involves guns might make it difficult for you to evaluate the evidence in this case fairly and impartially?

3. Mr. Dancy is charged with illegally possessing a gun after having been previously convicted of a crime carrying a possible term of imprisonment of more than one year. Is

there anything about this charge that makes you question your ability to be fair and impartial in listening to the evidence in this case?

4. Have you, your spouse or any member of your family, ever been a victim of crime?

5. Do you have any relatives who are members of any police force, law enforcement agency, prosecutor's office or security agency?

6. Have any newspaper articles, television reports, or media coverage about crime, shootings, violence, or firearms affected you in a way that might make it difficult for you to decide this case solely upon the evidence produced at trial?

                        WILLIE DANCY
                        By his attorney,

                        /s/Oscar Cruz, Jr.
                        Oscar Cruz, Jr.
                         B.B.O. #630813
                        Federal Defender Office
                        408 Atlantic Avenue, 3rd Floor
                        Boston, MA  02110
                        Tel: 617-223-8061

## CERTIFICATE OF SERVICE

_____I, Oscar Cruz, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Assistant United States Attorney Antoinette Leoney, as identified on the Notice of Electronic Filing (NEF) on January 28, 2008.

                        /s/Oscar Cruz, Jr.
                        Oscar Cruz, Jr.

**EXHIBIT A**

Juror Number _____

General Instructions for Completing Questionnaire

_____This questionnaire is being used to assist in jury selection in the case of <u>United States of America v. Willie Dancy</u>.  Mr. Dancy is a black man.

Please answer both questions below completely and truthfully.  Your answers will be used only for the purpose of selecting a jury in this case.  There are no right or wrong answers to these questions.  Please keep in mind that you are answering these questions under oath and must be truthful.  You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately.

1. Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case?

_____

2. Do you believe that black men are more likely than members of other races to commit crimes?_____

_____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10387-RGS |
| | ) | |
| WILLIE DANCY | ) | |
| | ) | |

AFFIDAVIT OF COUNSEL

The following is true to the best of my information and belief:

1. Juror questionnaires designed to identify racial bias are utilized routinely in this district.

2. I was defense counsel in the case of United States v. Franklyn Liranzo which was tried before Lindsay, J. in June 2002. In that case the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

3. I was defense counsel in the case of United States v. Dondi Willis which was tried in October 2003 before Lasker, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. I was defense counsel in the case of United States v. Jean Brito which was tried in January 2004 before Lindsay, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

5. I was defense counsel in the case of United States v. David Seymour which was tried in October 2005 before Tauro, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. A significant percentage of the jurors (counsel's memory is that the figure was close to 20%) indicated racial bias on their juror questionnaire.

6. I was defense counsel in the case of <u>United States v. Trevor Charlton</u> which was tried in March 2006 and again, due to a mistrial, in December 2007, before Saris, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. A significant percentage of the jurors indicated racial bias on their juror questionnaire.

7. The defendant in the present case is a black male.

8. The venire in United States Federal District Court for this circuit is over 95% White/Caucasian.

9. The limited juror questionnaire (two questions) is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.

```
            /s/                    1/28/08
     Catherine K. Byrne              Date
```